IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERIC STEVEN TAYLOR and | ) | Case No. 08-10187 |
| AMANDA MCDANIEL TAYLOR, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| EVERETT B. SASLOW, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 09-02040 |
| v. | ) | |
| | ) | |
| PRLAP, INC., TRUSTEE; BANK OF | ) | |
| AMERICA, N.A.; UNITED GUARANTY | ) | |
| RESIDENTIAL INSURANCE | ) | |
| COMPANY OF NORTH CAROLINA; | ) | |
| ERIC STEVEN TAYLOR; and AMANDA | ) | |
| MCDANIEL TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court upon the Motion for Summary Judgment (the "Motion") filed pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure by Plaintiff Everett B. Salsow, Jr. (the "Trustee"), on October 30, 2009. The Trustee settled with Eric and Amanda Taylor (the "Debtors"), and a consent order memorializing the settlement was approved and entered by this Court on December 31, 2009. The remaining defendants, PRLAP, Inc. ("PRLAP"), Bank of America, N.A. (The "Bank") and United Guaranty Residential Insurance Company of North Carolina ("United"), have not filed a response to the Motion. After consideration of the Motion, the arguments of the Trustee, and the relevant law, the Court will

grant the Motion.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (K) which this Court has the jurisdiction to hear and determine.

## II.  BACKGROUND AND PROCEDURAL HISTORY

The facts are drawn from the pleadings in this case and are not in dispute.  On November 15, 2002, the Debtors, a married couple, acquired the real property known as 5923 Rolling Meadows Road, Randleman, North Carolina (the "Residence"), creating a tenancy by the entirety.

On July 12, 2005, Eric Taylor granted a deed of trust to PRLAP as trustee for the Bank as lender and beneficiary.  The deed of trust was recorded on August 17, 2005.  The deed of trust was granted by Eric Taylor alone, not by his wife.  Later, the Bank assigned the deed of trust and underlying debt instrument to United.

On February 9, 2008, the Debtors filed their Chapter 7 bankruptcy petition.  On May 26, 2009, the Trustee filed this adversary proceeding.  On July 6, 2009, the Bank filed an answer alleging that it was no longer the holder of the deed of trust.  No other party filed an answer.  On September 11, 2009, the Trustee joined United as a party to this adversary proceeding.  On September 14, 2009, the Trustee filed an amended complaint.  No party filed an answer to the amended complaint.

The amended complaint alleges that, because the deed of trust was granted by Eric Taylor alone, it fails to comply with N.C. Gen. Stat. § 39-13.6(b), and is therefore insufficient to create a properly perfected security interest. Thus, the amended complaint seeks an order (1) allowing the Trustee, pursuant to 11 U.S.C. § 544(a), to avoid any lien claimed by PRLAP, the Bank, or United pursuant to the deed of trust; (2) allowing the Trustee to recover the Residence as property of the estate pursuant to 11 U.S.C. §§ 550 and 551 and to sell the Residence for the benefit of the estate free from any interest claimed by PRLAP, the Bank, or United; and (3) providing for recovery of any payments received by PRLAP, the Bank, or United within the 90 days preceding the filing of this case, pursuant to 11 U.S.C. § 547, and any payments received post-petition, pursuant to 11 U.S.C. § 549.

On October 30, 2009, the Trustee timely filed the Motion, requesting summary judgment against the defendants. On December 31, 2009, this Court entered a Consent Order executed by the Debtors and the Trustee, which provided that:

> The Trustee and the Debtors agree that the Trustee is entitled to sell the Residence for the benefit of the bankruptcy estate free and clear of any interest claimed by [the Bank] and/or [United], with the lien of the Deed of Trust preserved for the benefit of the estate under Code §551, and free and clear of any interest claimed by the Debtors. Subject to this Court's entry of a judgment avoiding the Deed of Trust held by [the Bank] or [United], then the Debtors shall pay to the Trustee within thirty days after the entry of the judgment avoiding the Deed of Trust the sum of $8,000.00 to satisfy in full the Trustee's interest in the avoided lien in the Residence.

No other defendant was a party to the Consent Order. No defendant has responded to the Motion.

### III.  STANDARD FOR SUMMARY JUDGMENT

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil

3

Procedure, which is made applicable to this Adversary Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure.  Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c);  see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).  When considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).  The moving party has the burden of establishing that there is an absence of any genuine issue of material fact, and all reasonable inferences must be drawn in favor of the nonmoving party.  Celotex, 477 U.S. at 323.

## IV.  ANALYSIS

Pursuant to Local Bankruptcy Rule 7056-1(c), a response and brief in opposition to a motion for summary judgment may be filed within 20 days of the filing of the motion for summary judgment.  LBR 7056-1(g) provides that if a respondent fails to file a response within the time required by LBR 7056-1(c), then the motion may be considered and decided as an uncontested motion.  PRLAP, the Bank, United, and the Debtors failed to respond to the Motion.  Pursuant to Local Rule 7056-1(c), the Motion is an uncontested motion.

## IV.  CONCLUSION

Because the Court finds that no genuine issue exists as to any material fact and the Trustee is entitled to a judgment as a matter of law, and because the defendants failed to respond

4

to the Motion, the Motion will be granted.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERIC STEVEN TAYLOR and | ) | Case No. 08-10187 |
| AMANDA MCDANIEL TAYLOR, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| EVERETT B. SASLOW, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 09-02040 |
| v. | ) | |
| | ) | |
| PRLAP, INC., TRUSTEE; BANK OF | ) | |
| AMERICA, N.A.; UNITED GUARANTY | ) | |
| RESIDENTIAL INSURANCE | ) | |
| COMPANY OF NORTH CAROLINA; | ) | |
| ERIC STEVEN TAYLOR; and AMANDA | ) | |
| MCDANIEL TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

Everett B. Saslow, Jr., Trustee

PRLAP, Inc.

Bank of America, N.A.

United Guaranty Residential Insurance Company of North Carolina

Eric and Amanda Taylor

James L. Tennant

Michael D. West, Bankruptcy Administrator